PETER McCOURT, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 2156.    Promulgated August 22, 1927.

*Robert D. Charlton, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

Petitioner appeals from the determination by the Commissioner
of a deficiency of $665.32 in income taxes for the year 1920. It is
alleged that the Commissioner erred in including in petitioner's tax-
able income the sum of $6,500 paid to him by the McCourt Amuse-
ment & Investment Co.

### FINDINGS OF FACT.

At the hearing on this proceeding, a stipulation of facts was
entered into by the counsel for taxpayer and for the Commissioner
in the following form:

1. That the taxpayer, Peter McCourt, is an individual with his office at
the Broadway Theatre, Denver, Colo.

2. That the deficiency letter (a copy of which is attached to the taxpayer's
petition) was mailed to the taxpayer on January 7, 1925, and subsequently
received by him.

3. That the taxes in controversy are income taxes for the calendar year
1920 and are less than Ten Thousand ($10,000.00) Dollars, to-wit: Six-Hundred
Sixty-five and Thirty-two one-hundredths ($665.32) Dollars.

4. That the taxpayer's appeal from such determination of the Commissioner
of Internal Revenue was properly and duly initiated with this Board within
the sixty (60) day period allotted by law.

5. That the McCourt Amusement and Investment Company, a Colorado
corporation, was formed in 1907 for the purpose of operating two Denver
theatres with a capital stock of One Hundred Thousand ($100,000.00) Dollars
divided into one thousand shares of the par value of One Hundred ($100.00)
Dollars each. The consideration for the capital stock was the transfer of the
leases on the theatres to the corporation.

6. That Peter McCourt, the taxpayer herein, is and was at all times herein-
after mentioned the owner of Nine Hundred Ninety-eight (998) shares of the
capital stock of the said McCourt Amusement and Investment Company.

7. That from the year 1911 to the end of 1916, the Company sustained annual
operating losses which were made good by the taxpayer. These losses aggre-
gated Seventy-two Thousand Nine Hundred Fifteen and eighty one-hundredths
($72,915.80) Dollars. That for the year 1917, the theatres were operated at
a gain of Two Hundred Thirty-nine and five one-hundredths ($239.05) Dollars.
In the year 1918, an operating loss of Three Thousand Three Hundred Ninety-
five and sixty-nine one-hundredths ($3,395.69) Dollars was sustained. In
the years 1919 and 1920 there was a gain of Fifteen Thousand Three Hundred
Four and four one-hundredths ($15,304.04) Dollars. Thus a net operating loss

for the ten-year period (1911 to 1920) of Sixty Thousand Seven Hundred Sixty-eight and sixty one-hundredths ($60,768.60) Dollars was sustained by the Company.

8. That in the year 1920 the taxpayer received the following payments from the Company: One Thousand ($1,000.00) Dollars on January 12; Five Hundred ($500.00) Dollars on February 13; Five Thousand ($5,000.00) Dollars on July 8.

No other testimony was introduced and the case was submitted on the above findings.

### OPINION.

VAN FOSSAN: From the stipulated facts set forth above, we are asked to determine whether or not the sum of $6,500, which the taxpayer received from the McCourt Amusement & Investment Co., was taxable income to petitioner. The argument of petitioner is that the payment of said sum was a return of capital in repayment of sums advanced by petitioner in preceding years to make up operating deficits, and therefore nontaxable. The position of Commissioner is that the $6,500 payment constituted a dividend within the meaning of the Revenue Act of 1918 and was taxable as such.

On the submitted facts it is impossible for us to determine either as a matter of law or as a matter of fact, the nature of the payment made to petitioner. The language of the stipulation is simply that " in the year 1920 taxpayer received the following payments from the Company: * * *." We have no information from which we may determine whether the payments were made pursuant to a resolution declaring a dividend, or were in repayment of loan, or interest on the loans, or were return of capital advanced. The stipulation does not use the statutory word " distribution." We have simply the bare statement that taxpayer received the payments. The word " payment " may comprehend any number of transactions. It is susceptible of innumerable interpretations. Any attempt to determine from the above facts the legal effect of the payments would be bare speculation.

The argument of counsel contains certain statements, which, if proved as facts, might have given us a basis for a decision on the merits, but argument is not evidence, and facts so stated can not be assumed.

In the absence of facts sufficient to enable us to form a conclusion as to whether or not the Commissioner erred, we have no alternative. The deficiency is approved.

*Judgment will be entered for the respondent.*

Considered by MARQUETTE, MILLIKEN, and PHILLIPS.